NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10141 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00206-MCE-1 |
| v. | |
| ISRAEL WASHINGTON, AKA Puck, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 12, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and WARDLAW and COLLINS, Circuit Judges.

Israel Washington appeals his conviction and sentence for two conspiracies

to distribute controlled substances and related crimes. We have jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. The district court did not plainly err in failing to sua sponte give a

conspiracy unanimity instruction for the Count One conspiracy. *See United States*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*v. Olano*, 507 U.S. 725, 732–37 (1993); *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015). The jury, in its special verdict form, found Washington guilty of a conspiracy involving crack cocaine. Although there was evidence of multiple conspiracies involving powder cocaine or heroin, the evidence at trial showed that only one of the multiple conspiracies—between Washington, Paul Mack, Gerard "Nunu" Nelson, and Nunu's girlfriend—involved crack cocaine. Thus, the district court did not plainly err in failing to give a conspiracy unanimity instruction, because the evidence did not "tend[] to show multiple conspiracies" involving crack cocaine, and there was no "genuine possibility of jury confusion [or] risk of a nonunanimous verdict." *Lapier*, 796 F.3d at 1097–98.

2. The district court did not abuse its discretion in deciding not to read back Paul Mack's testimony to the jury. *See United States v. Richard*, 504 F.3d 1109, 1113 (9th Cir. 2007). The district court explained its legitimate concerns with both the delay of trial a readback would require and the risk of undue emphasis. *See United States v. Price*, 921 F.3d 777, 792 (9th Cir. 2019). Washington makes fair arguments as to why a readback may have been reasonable had one occurred. But "[i]n light of the district court's great latitude to address requests for readbacks and its recognition of the problems associated with readbacks," *United States v. Medina Casteneda*, 511 F.3d 1246, 1249 (9th Cir. 2008), we cannot say the district court's decision to deny the readback was "illogical, implausible, or without

2

support in inferences that may be drawn from facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

3. We find no reversible error in the guideline sentencing calculation. The district court did not clearly err in finding that Washington was an organizer or leader of the Count Two conspiracy and that it involved five participants. U.S.S.G. § 3B1.1(a); *see United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013) (explaining factual findings are reviewed for clear error). Nor did the district court err in applying three criminal history points for Washington's 1992 conviction for possession of a controlled substance, because Washington was incarcerated for a parole violation within the 15-year time period. U.S.S.G. § 4A1.2(e)(1), (k)(2)(A); *see United States v. Garcia-Jimenez*, 623 F.3d 936, 944–45 (9th Cir. 2010) (applying U.S.S.G. § 4A1.2(k)(2) to extend a sentence through the date of "last release from confinement" on a parole violation).

Finally, we reject Washington's claim that the district court abused its discretion in assessing a two-level enhancement for witness intimidation under U.S.S.G. § 2D1.1(b)(16)(D). We note that this enhancement did not affect Washington's guideline range, which the district court calculated as 360 months to life. Washington does not contest that he is also a career offender whose guideline range would have been 360 months to life regardless of the enhancement. U.S.S.G. § 4B1.1(a)–(b). To the extent that the enhancement may have influenced

3

the district court's selection of a sentence within the guidelines range, we find no basis for concluding that the court abused its discretion. The record included at least three alleged incidents of witness intimidation, one of which was the subject of trial testimony. Although each incident involved some element of hearsay, the district court did not abuse its discretion because the hearsay statements "were sufficiently corroborated by each other to provide the minimal indicia of reliability necessary[.]" *United States v. Berry*, 258 F.3d 971, 976–77 (9th Cir. 2001) (finding that multiple hearsay statements that were consistent with each other provided sufficient corroboration to be considered at sentencing).

**AFFIRMED.**